**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JUST ENTERPRISES, INC.,** | ) | **CASE NO.1:07CV1544** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **NURENBERG PARIS HELLER &** | ) | **OPINION AND ORDER** |
| **MCCARTHY CO., LPA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Defendant Nurenberg Paris Heller & McCarthy Co., LPA's ("NPHM") Motion to Dismiss (ECF # 3). For the following reasons, the Court denies Defendant's Motion to Dismiss.

**FACTS**

The following are the facts as alleged in Plaintiff's Complaint. Plaintiff Just Enterprises, Inc. ("JEI") is the owner of a registered service mark for "1-800-JUSTICE" US Registration No. 2,742,137. Plaintiff has used the mark in commerce since 1993 in print form, in television, radio and internet advertisements and in promotional materials.

1

Plaintiff's Complaint alleges that sometime after JEI registered the service mark in question Defendant NPHM, a law firm, began advertising and using the telephone number "(888)-JUSTICE" which NPHM had licensed from (888) Justice, Inc, to promote its legal services. Upon discovering Defendant's use of "(888)-JUSTICE", Plaintiff demanded Defendant stop using the alleged infringing mark. Defendant refused to stop and continues to use the alleged infringing mark.

Plaintiff's Complaint alleges service mark infringement in violation of the Lanham Act 15 U.S.C. §1114, unfair competition in violation of 15 U.S.C. §1125(a), common law unfair competition and service mark infringement, deceptive trade practices in violation of Ohio Revised Code Section 4165.02, misappropriation and unjust enrichment. Plaintiff seeks monetary and injunctive relief.

Defendant has filed its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) contending its use of (888)-JUSTICE constitutes fair use and does not infringe. Furthermore, Defendant claims Plaintiff's cannot demonstrate bad faith on the part of Defendant and Plaintiff narrowly limited its service mark registration to legal referral services. Defendant also contends Plaintiff's Complaint fails to allege a factual basis for a likelihood of confusion. Because Plaintiff cannot maintain a federal trademark claim Defendant contends Plaintiff's state and common law claims of infringement, unfair competition, deceptive trade practice, misappropriation and unjust enrichment fail as well. Finally, Defendant contends Plaintiff's Complaint does not give NPHM fair notice of the claims against it for its use of (888)-JUSTICE and similar infringing phrases. With no factual allegations to support its claim that Defendant is using similar infringing phrases Defendant states Plaintiff's Complaint should be dismissed for vagueness.

**STANDARD OF REVIEW**

" The Supreme Court has recently clarified the pleading standard necessary to survive a Rule 12(b)(6) motion." *CGH Transport Inc. v. Quebecor, World, Inc.,* No. 06-6399, slip copy 2008 WL 116385, at *2, (6th Cir. Jan. 8, 2008) citing *Bell Atl. Corp. v. Twombly ,* --- U.S. ----, 127 S.Ct. 1955 (2007). Factual allegations contained in a complaint must 'raise a right to relief above the speculative level.' *Id.*at 1965. *Twombly* does not "require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. "In reviewing a motion to dismiss, we construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh,* 487 F.3d 471, 476 (6th Cir.2007). When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein. *See Amini v. Oberlin Coll.,* 259 F.3d 493, 502 (6th Cir.2001).

**LAW AND ANALYSIS**

For purposes of both federal and common law trademark claims, "a trademark is a designation used 'to identify and distinguish' the goods of a person." *J. Thomas McCarthy, McCarthy on Trademarks,* § 3.1 (4th ed.2004) (quoting 15 U.S.C. §1127). Under the Lanham Act, service marks, used to identify the source of services, enjoy the same legal protection as trademarks. *Future Lawn, Inc. v. Maumee Bay Landscape Contractors,* 2008 WL 918212 *2 (N.D. Ohio April 1, 2008). "The terms 'service mark' and 'trademark' are often used interchangeably, with no significant legal consequences." *Id.*

15 U.S.C. §1114 of the Lanham Act states in pertinent part:

[a]ny person who shall, without the consent of the registrant-

(a) use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive[,]....
shall be liable in a civil action by the registrant[.]

15 U.S.C. § 1114(1).

"Under the Lanham Act, 15 U.S.C. §1051 *et seq.*, we use the same test to decide whether there has been trademark infringement, unfair competition, or false designation of origin: the likelihood of confusion between the two marks." *Audi AG and Volkswagon of America, Inc. v. D'Amato,* 469 F.3d 534, 542 (6th Cir. 2206) citing *Two Pesos v. Taco Cabana,* 505 U.S. 763, 780 (1992).

In order to demonstrate infringement of a service mark, Plaintiff must show: "(1) that it owns a valid, protectable trademark; (2) that the defendant used the mark in commerce and without the registrant's consent; and (3) there was a likelihood of consumer confusion." *Too, Inc. v. TJX Companies, Inc.* 229 F. Supp.2d 825, 829 (S.D. Ohio 2002). *See also Future Lawn* at *3.

The Sixth Circuit has held when determining whether there is a likelihood of confusion, courts should consider the following eight factors: (1) strength of plaintiff's mark; (2) relatedness of the goods; (3) similarity of the marks; (4) evidence of actual confusion; (5) marketing of channels used; (6) likely degree of purchaser care; (7) defendant's intent in selecting the mark; and (8) likelihood of expansion of the product lines. *Wynn Oil Co., at* 839 F.2d 1186-90 citing *Frisch's Restaurants v. Elby's Big Boy, Inc.,* 670 F.2d 642 (6th Cir.1982).

**The Defense of Fair Use**

The Lanham Act also provides the affirmative defense of fair use, available to a party whose "use of the name, term, or device charged to be an infringement is a use, otherwise than as a mark, ... of a term or device which is descriptive of and used fairly and in good faith only to describe the goods or services of such party, or their geographic origin ...." § 1115(b)(4). However, a defendant claiming the affirmative defense of fair use bears no burden to negate any likelihood of confusion with customers over the origin of the service provided. *KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.,* 543 U.S. 111, 123 (2004). "Validity of a registered trademark is contingent on determining first whether the mark is (1) arbitrary and fanciful; (2) suggestive; (3) descriptive; or (4) generic." *Burke-Parsons-Bowlby Corp. v. Appalachian Log Homes, Inc.,* 871 F.2d 590, 593-94 (6th Cir.1989). "Neither generic nor descriptive terms are protectable without establishing secondary meaning." *Id.* "A mark is descriptive: '... if it describes: the intended purpose, function or use of the goods; the class of users of the goods; a desirable characteristic of the goods; or the end effect upon the user.'" *Burke-Parsons*, 871-F.2d at 594 quoting *Wynn Oil Co. & Classic Car Wash Inc. v. Thomas,* 839 F.2d 1183, 1190 (6th Cir.1988).

**Defendant's Motion to Dismiss**

Defendant contends the term "JUSTICE" is merely a descriptive term used in conjunction with a toll free 1-800 number. NPHM uses 888-JUSTICE merely as a description and not as a trademark. Defendant attaches its adds which it says demonstrates the use of the term "JUSTICE" is merely a description of the services NPHM provides. However, the Sixth Circuit has held, "[r]egistration of a mark on the Principal Register of the USPTO creates a

5

rebuttable presumption that a trademark is valid, that is, either inherently distinctive or descriptive with secondary meaning, and therefore, protectable under federal trademark law." *Leelanau Wine Cellars, Ltd. v. Black & Red, Inc.,* 502 F.3d 504, 513 (6th Cir. 2007) citing 15 U.S.C. § 1115(a) (when a mark is placed on the principal register it "shall be *prima facie* evidence of the validity of the registered mark ...." ). "Once a mark is registered, the Act affords a plaintiff one of two presumptions: (1) that her registered trademark is not merely descriptive or generic; or (2) that if descriptive, the mark is accorded secondary meaning." *Leelanau* 502 F.3d at 514 quoting *Packman v. Chicago Tribune Co.,* 267 F.3d 628, 638 (7th Cir.2001).

The Court disagrees with Defendant and holds the use of the term "JUSTICE" is not merely a description of the service provided. "A merely descriptive mark ... is often said to identify a characteristic of the thing. It is very similar to an adjective." *Leelanau at 513 quoting Tumblebus, Inc. v. Cranmer,* 399 F.3d 754. 761 n. 8 (6th Cir. 2005). "In determining whether a term is used in a descriptive manner, courts look to the dictionary definition of the term." *Ashland Oil, Inc. v. Olymco, Inc.,* 905 F. Supp. 409, 411 (W.D. Ky. 1994), citing *American Heritage Insurance Co. v. Heritage Co.,* 494 F.2d 3, 11 n.5 (5th Cir.1974). The term "JUSTICE" is a noun and is defined as "the maintenance or administration of what is just especially by the impartial adjustment of conflicting claims or the assignment of merited rewards or punishments." *Merriam-Webster Online,*http://www.merriam-webster.com./dictionary/justice. The Sixth Circuit has held "the fact that a mark is registered on the principal register creates a presumption that the mark is not descriptive." *Champions Golf Club v. Champions Golf Club,* 78 F.3d 1111, 1118 (6th Cir.1996). The word "JUSTICE" does not in and of itself describe a geographical location or a quality or

6

character of the service provided nor is it an adjective.  Furthermore, as Plaintiff correctly points out, the service mark at issue is not merely the word "JUSTICE".  Rather, the service mark is a telephone number with a numeric component followed by the alphabetic representation of the digits of a  phone number.  A court fromthis district recently held, [t]elephone numbers may be protected as service marks, and telephone numbers that correlate with marks may be entitled to protection."  *Future Lawn* at *2.  Therefore, the Court finds that Plaintiff's service mark for "1-800-JUSTICE" is not descriptive and Defendant's "fair use" defense is unavailing on a Motion to Dismiss.

Defendant also contends there is no likelihood of confusion between the two telephone numbers because "no reasonable person from Ohio could confuse NPHM's television advertising promoting NPHM's litigation services with JEI's legal referral services..."  (Defendant's Memorandum of Law in Support of Motion to Dismiss pg. 2).  Plaintiff has attached to its Complaint the Service Mark Principal Register Entry for "1-800-JUSTICE" demonstrating a rebuttable presumption of validity and ownership of its service mark.  In order to demonstrate the use of its mark by Defendant and the likelihood of confusion, this Court must consider evidence that would be inappropriate on a Motion to Dismiss.  "Whether there is a likelihood of confusion is a mixed question of fact and law."  *Wynn*, 839 F.2d at 1186.  Because the eight factors used by courts to determine the likelihood of confusion are largely fact driven inquiries, the question of likelihood of confusion is best resolved after discovery on summary judgment.  Furthermore, the relatedness of the services provided by Plaintiff and the services provided by Defendant are themselves factual questions.  Therefore, the Court denies Defendant's Motion to Dismiss Plaintiff's service mark infringement claim.

Because Plaintiff's common law infringement, unfair competition, and deceptive trade practices claims are analyzed similarly to an infringement action brought under the Lanham Act, this Court denies Defendant's Motion to Dismiss these claims for the same reasons outlined by this Court in denying Defendant's Motion to Dismiss Plaintiff's infringement action under the Lanham Act.

Because Defendant's Motion to Dismiss Plaintiff's claims of common law misappropriation and unjust enrichment depend, in part, on Defendant's contention that its use of (888)-JUSTICE constitutes fair use, the Court's denial of Defendant's Motion to Dismiss for fair use requires denial of its Motion to Dismiss Plaintiff's misappropriation and unjust enrichment claims.

Finally, Defendant moves this Court to Dismiss Plaintiff's Complaint because Plaintiff's allegation that NPHM's use of (888) JUSTICE and "similar infringing phrases," without any factual allegations identifying these similar infringing phrases, fails to give Defendant fair notice of the claims against it and does not demonstrate Plaintiff is entitled to relief. Plaintiff's Complaint states, "Just Enterprises seeks to enjoin Defendant's use of (888) JUSTICE and similar names which directly infringe Just Enterprises' registered service mark 1-800-JUSTICE." (Complaint at pg. 1). In its Relief Requested, it states, "[u]sing (888) JUSTICE or any version thereof..." (Complaint at pg.7). A reading of the Complaint makes clear that the use of the terms "similar infringing phrases", "similar names" and "version thereof" are read in the context of trademark law and the likelihood of confusion of any variation of the alphanumeric telephone number incorporating the word "justice". Therefore, the Court holds Plaintiff's Complaint states sufficient facts to put Defendant on notice that the use of (888)- JUSTICE or

any similar infringing alphanumeric telephone number containing the word "justice" states a claim upon which relief may be granted.

   Therefore, for the foregoing reasons, the Court denies Defendant's Motion to Dismiss.

  IT IS SO ORDERED.


 May 12, 2008           s/Christopher A. Boyko
 Date            CHRISTOPHER A. BOYKO
              United States District Judge